592 P.2d 1345 (1978)
David Calvin EDWARDS, Plaintiff-Appellee,
v.
STATE of Colorado, DEPARTMENT OF REVENUE, Defendant-Appellant.
No. 78-832.
Colorado Court of Appeals, Div. II.
December 28, 1978.
Rehearing Denied January 25, 1979.
Certiorari Denied April 16, 1979.
Williams, Turner & Holmes, J. D. Snodgrass, Grand Junction, for plaintiff-appellee.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendant-appellant.
BERMAN, Judge.
This appeal brings to this court the first case involving the validity of Department of Revenue Regulation No. 2-123.11 (final), 1 Code Colo.Reg. 204-8, adopted December 12, 1977, regarding the issuance of probationary drivers' licenses. See § 42-2-123(11), C.R.S. 1973. The regulation was promulgated pursuant to the direction of *1346 our Supreme Court in Elizondo v. State, Colo., 570 P.2d 518 (1977).
Plaintiff's license was suspended, under § 42-2-123(1)(a), C.R.S.1973, for accumulating 21 points within a twelve month period. He does not contest the suspension. Subsequently, after a hearing on plaintiff's application for a probationary license, the hearing officer applied Regulation No. 2-123.11 and denied plaintiff's application.
At the hearing, the hearing officer reviewed plaintiff's driving record, listened to plaintiff's explanation of several violations, and heard testimony regarding the hardship that would be caused by the denial of all driving privileges. In his written findings, the hearing officer identified several aggravating factors, including a prior suspension for points, more than sufficient points to cause suspension, a conviction for a six point violation, repeated violations for a particular offense, and carelessness as evidenced by a conviction for careless driving. He found no mitigating factors and concluded that plaintiff's record "warrant[s] a suspension with no driving authorized to remove him from the streets, and highways in the interest of public safety."
On appeal the district court held that the regulation does not meet the requirements of the Supreme Court in Elizondo, supra, and that the Department had abused its discretion in denying plaintiff a probationary license. It therefore ordered that plaintiff be granted a probationary license. The Department appeals and we reverse and remand.
The Department contends that the district court erred in holding that Regulation No. 2-123.11 fails to meet the requirements of Elizondo, supra. We agree that the court so erred.
In Elizondo, supra, our Supreme Court held that:
"[D]ue process requires that the Department of Revenue promulgate rules or regulations to guide hearing officers in their decisions regarding requests for probationary licenses. . . . These rules or regulations must be sufficiently specific to inform the public what factors will be considered relevant by Department hearing officers, so that requests for probationary licenses may be supported by relevant evidence and arguments. Furthermore, to make judicial review a meaningful process, the rules or regulations must require that hearing officers specifically state, in each case where a probationary license is denied, the reasons for the denial." (citations omitted)
The regulation meets these requirements. The factors which "will be considered relevant" are precisely set forth, see subsections B.1(a) thru (d) of Regulation 2-123.11, and hearing officers are required to state specifically the reasons for the denial of a probationary license. See subsection C.1 of Regulation 2-123.11.
The Department also contends that the district court erred in holding that Regulation No. 2-123.11 was not properly applied in this case. Plaintiff, on the other hand, contends that the regulation was not properly applied because the hardship to plaintiff was not sufficiently considered, certain aggravating factors were improperly identified, certain mitigating factors were not considered, and the requisite specific findings were not made.
There is no evidence in the record that the hardship to plaintiff was not sufficiently considered by the hearing officer. Nor was it improper for the hearing officer to consider plaintiff's conviction for careless driving as an aggravating factor. Since the language of Regulation No. 2-123.11.A.1.(i), which concerns careless driving as an aggravating factor, tracks the language of the careless driving statute, § 42-4-1204, C.R.S. 1973, a conviction under that statute necessarily qualifies as an aggravating factor. And there was no evidence at the hearing of any of the mitigating factors listed in the regulation. Furthermore, Elizondo, supra, and the regulation require that specific findings be made only as to the reasons for denying the application. Here, the list of aggravating factors made by the hearing officer was sufficient.
*1347 However, we agree that the hearing officer improperly considered plaintiff's prior suspension as an aggravating factor. The regulation limits the review of an applicant's driving history to the seven year period preceding the hearing. Regulation 2-123.11.A.1. The prior suspension was ordered on June 5, 1967. The Department contends that the hearing officer properly concluded that the suspension continued until May 27, 1972, because plaintiff's license was not reinstated until that date. Thus, this argument continues, it was proper to consider the prior suspension because it was still in effect seven years prior to the hearing which was held on January 16, 1978. We disagree.
Under the applicable statute the maximum period of suspension was one year. C.R.S.1963, § 13-4-24 (now § 42-2-123, C.R.S.1973). Thus, plaintiff could not have been under an ordered suspension after June 5, 1968. And, although the statute also requires that a restoration fee be paid before a license is reinstated, 1965 Perm. Supp., C.R.S.1963, § 13-4-24(3) (now § 42-4-123(3), C.R.S.1973), this does not mean that, for all purposes, the "period of suspension" continues until the fee is paid. We hold that, for the purpose of examining one's driving history in appraising an application for a probationary license, the Department may not consider any suspension in which the ordered period has ended prior to seven years before the hearing.[1] Because plaintiff's prior suspension was improperly considered as an aggravating factor, we remand the case for reconsideration of plaintiff's application for a probationary license.
Finally, because of our conclusion that plaintiff's application must be reconsidered, we need not address the Department's argument that the district court improperly substituted its judgment for that of the hearing officer.
However, we note that the General Assembly has given the Department a considerable amount of discretion in determining whether or not an application for a probationary license should be granted. See § 42-2-123(11), C.R.S.1973. And, under the regulation, the hardship to the applicant is merely one factor to be considered by the hearing officer.
The judgment is reversed and the cause is remanded to the district court with directions to remand the case to the Department for its reconsideration, in accordance with the views expressed herein, of plaintiff's application for a probationary license.
ENOCH and VanCISE, JJ., concur.
NOTES
[1] We express no opinion as to whether there is a prior suspension within the seven year period if a suspension is entered more than seven years before the hearing, but the suspension ordered extends into the seven year period.