Charles Louis **BEDELL**,
Plaintiff-Appellant,

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION,**
Defendant-Appellee.

No. 81CA0723.

Colorado Court of Appeals,
Div. III.

Feb. 25, 1982.

comparable, practical remedy."

Charles T. Flett, Arvada, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary C. Snow, Asst. Atty. Gen., Denver, for defendant-appellee.

STERNBERG, Judge.

A hearing officer of the Department of Revenue found that the plaintiff, Charles Louis Bedell, had accumulated 14 points in less than a year and suspended his driver's license for six months. The hearing officer also denied Bedell's request for a probationary driver's license. The district court affirmed, and this appeal followed. We affirm.

Bedell's first contention is that the hearing officer's failure to inform him of his right to have an attorney at the hearing requires reversal. We do not agree.

A license revocation proceeding is civil in nature, not criminal. *People v. McKnight,* Colo., 617 P.2d 1178 (1980). Thus, the right to counsel is not constitutional, but rather is governed by statute. Section 24–4–105(9), C.R.S.1973, provides that a party is "entitled to the benefit of legal counsel of his own choosing and at his own expense, but a person may appear for himself." The statute makes no requirement of notice of this entitlement to counsel. However, the notice of hearing mailed to Bedell advised him that he could have an attorney appear with him at the hearing, and before the hearing started, the hearing officer inquired of Bedell if he was "expecting" an attorney, to which Bedell replied that he was not. Contrary to Bedell's argument, we hold that in this civil proceeding he was entitled to no greater advisement of his right to counsel.

Because he drove a car as a large part of his job, Bedell asserts he was entitled to be considered as a "chauffeur" and, thus, could accumulate a greater number of penalty points than could one not a chauffeur, without suffering loss of license. Again, we disagree.

Bedell does not claim that he was driving a vehicle as a "public or common carrier of persons or property," but rather bases his contention on the portion of § 42–1–102(11), C.R.S.1973, which defines a chauffeur as one "who is employed for the principal purpose of operating a motor vehicle."

■ Bedell characterized his job as being a crew manager. He described his duties as consisting of recruiting, training, and motivating underprivileged children to sell candy. As part of this job he drove the children to selling areas. The hearing officer concluded that driving was not a principal part of Bedell's job. We agree with this conclusion. To adopt Bedell's argument would be to accord chauffeur status to the overwhelming majority of the population who can prove, as Bedell did, that driving is a significant part of their work. Such proof falls short of the statutory test of use of a motor vehicle as "the principal purpose" of a job.

■ An allied contention of Bedell in this regard is his challenge to the constitutionality of the hearing officer's construction of the statutory definition of "chauffeur." As noted above, this classification is not irrational. Moreover, it relates to a legitimate government purpose and, thus, must be upheld. *Heninger v. Charnes,* Colo., 613 P.2d 884 (1980). Just as the General Assembly's determination that minors may be treated differently than adult drivers, *Lopez v. Motor Vehicle Division,* 189 Colo. 133, 538 P.2d 446 (1975), so is the distinction between those who drive as the "principal purpose" of their job and other motor vehicle operators rationally related to legitimate government purposes.

■ Contrary to Bedell's final contention of error, the hearing officer properly followed departmental regulations in considering mitigating factors, specifically Bedell's frequent driving, and did not abuse his discretion in denying a probationary license. *Edwards v. Colorado,* 42 Colo.App. 52, 592 P.2d 1345 (1978).

Judgment affirmed.

KIRSHBAUM and TURSI, JJ., concur.