Gregory William **BEYTIEN,**
Plaintiff-Appellee,

v.

Paul **REYNOLDS,** Hearing officer, and State of Colorado, Department of Revenue Motor Vehicle Division, Defendants-Appellants.

No. 81CA0569.

Colorado Court of Appeals,
Div. III.

May 27, 1982.

Julianne McCabe, Boulder, for plaintiff-appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Richard H. Forman, Asst. Attys. Gen., Denver, for defendants-appellants.

SMITH, Judge.

The Department of Revenue Motor Vehicle Division appeals a judgment of the district court directing it to grant Gregory William Beytien a probationary driver's license. We affirm.

On January 13, 1981, Beytien appeared and testified at a suspension hearing. The hearing officer ordered his license suspended on the basis of accumulated excess points. It is undisputed that Beytien was convicted of the following offenses for which points were assessed:

"April 28, 1980—driving while ability impaired; 8 points

January 12, 1980—defective vehicle; 2 points

October 10, 1979—speeding (74/55); 4 points

May 26, 1979—speeding (62/55); 3 points

July 31, 1978—speeding (56/45); 4 points."

It is undisputed that Beytien's license could not have been suspended based upon the accumulation of points unless the April 28, 1980, alcohol-related conviction was considered.

Beytien requested a probationary license pursuant to § 42–2–123(13), C.R.S.1973 (1981 Cum.Supp.). In support of that request he testified that:

"(1) He was currently involved in an alcohol treatment program, had refrained from drinking at all for the previous nine months and had generally refrained from drinking for three and one-half of the previous five years;

(2) That he received driving while impaired citations for social drinking incidents and had never been so cited while driving in any work-related capacity;

(3) That his citations had not resulted in accidents with or harm to any other person or thing;

(4) That he drove over 20,000 miles per year;

(5) That his job was an inventory coordinator required that he drive."

The hearing officer denied that probationary license pursuant to the alternative

ground for denial under § 42–2–123(13)(b) which together with § 42–2–123(13)(a), provides in pertinent part that:

"If there is no other statutory reason for denial of a probationary license, any individual who has had his license suspended by the department because of, at least in part, a conviction for an offense specified in paragraph (b) of subsection (5) of this section driving while under the influence or while ability impaired shall be entitled to a probationary license pursuant to subsection (11) of this section for the purpose of driving for reasons of employment, education, health, or alcohol and drug education or treatment."

"The Department may refuse to issue a probationary license ... if the Department finds ... that aggravating circumstances exist to indicate the individual is unsafe for driving for any purpose. In refusing to issue a probationary license, the Department *shall* make specific findings of fact to support such refusal." (emphasis added)

The hearing officer concluded on the record that excess points, multiple speeding convictions, and previous alcohol convictions sustained his denial of the probationary license under § 42–2–123(13)(b), C.R.S.1973 (1981 Cum.Supp.).

Beytien sought review of the hearing officer's decision to deny the probationary license, and the district court reversed stating that:

"The evidence before the hearing officer does not sustain a finding that the 'plaintiff is not safe for driving for any purpose' as required by C.R.S.1973, 42–2–123(13)."

The Department appeals, contending that the hearing officer properly weighed the aggravating circumstances pursuant to *Department of Revenue Regulation No. 2–123.11, 1 Code Colo.Reg.* 204–8, and cited the reasons for the denial. That regulation, promulgated prior to the statute, cannot be applied to establish a criterion different than those enacted by the General Assembly.

In § 42–2–123(13), C.R.S.1973, (1981 Cum.Supp.) the General Assembly has required the Department to grant to a person whose license has been suspended based at least in part on an alcohol related offense, a probationary license *unless* the specific finding is made that the applicant is "unsafe for driving for *any* purpose." The Department made no such finding here. Therefore, Beytien is entitled to a probationary license, as the trial court concluded.

Judgment directing issuance of a probationary license is affirmed.

KELLY and KIRSHBAUM, JJ., concur.