Dennison Robert MITCHELL,
Plaintiff-Appellant,

v.

Alan CHARNES, Director of the
Department of Revenue,
Defendant-Appellee.

No. 82CA0060.

Colorado Court of Appeals,
Div. III.

Sept. 23, 1982.

Rehearing Denied Oct. 28, 1982.

Steven Katzman, Denver, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Asst. Atty. Gen., Denver, for defendant-appellee.

SMITH, Judge.

Plaintiff, Dennison Robert Mitchell, appeals a judgment of the district court af-

firming the Department of Revenue's decision to suspend his driver's license for ten months, and denying him a probationary license during the period of suspension. We affirm.

Between December 21, 1979, and October 22, 1980, Mitchell accumulated 14 points against his license for various traffic violations, none of which was alcohol-related. Based upon this accumulation of points, the Department of Revenue held a suspension hearing pursuant to § 42–2–123, C.R.S.1973 (1981 Cum.Supp.) At the conclusion of the testimony, the hearing officer found numerous aggravating factors and no mitigating factors. The hearing officer ordered Mitchell's license suspended and denied him a probationary license. Mitchell asserts that the hearing officer acted arbitrarily and capriciously, thereby abusing his discretion. We disagree.

An administrative action taken pursuant to statutory authority is entitled to a presumption of validity. *People v. Lessar,* 629 P.2d 577 (Colo.1981). Our review is limited to a determination of whether there is any competent evidence in the record which would support the findings of the hearing officer. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978). Where, as here, that evidence is clear and demonstrates that a driver has more than enough points to require suspension of the license, suspension of the license is a ministerial act, not a discretionary one. *Michels v. Motor Vehicle Division,* 32 Colo.App. 106, 506 P.2d 1243 (1973). Thus, the issue of abuse of discretion does not arise relative to the suspension decision.

The suspension proceeding here was governed by Department of Revenue Regulation 2–123.11. 1 *Code Colo. Reg.* 204–8 under that regulation after a determination that a license is to be suspended, the hearing officer may, in his discretion, extend the base period of suspension. Mitchell asserts that the hearing officer abused his discretion in that it did not allow him a reasonable opportunity to correct or explain any aggravating circumstances identified by the hearing officer prior to the imposition of a period of suspension as required by Regulation 2–123.11(2). This contention is wholly unfounded.

Regulation 2–123.11(1) provides that the hearing officer shall take into consideration any of a number of circumstances when determining whether to extend the base period of suspension beyond six months. Regulation 2–123.11(1)(b) requires the hearing officer to consider conviction of any traffic offense involving drugs or alcohol. Regulation 123.11(c) requires consideration of any conviction for any traffic offense which results in the imposition of six or more points.

Our review of the hearing transcript reveals that the hearing officer told Mitchell: "Lets go over your record. Under the rules we review your record for the last seven years to identify any aggravations." The hearing officer then specifically referred to a conviction of reckless driving, an eight point violation, and to a conviction for careless driving and driving while impaired by alcohol. The hearing examiner then opened the hearing to Mitchell and his attorney.

Regulation 2–123.11(2) requires the hearing examiner to identify any aggravations and to allow the licensee an opportunity to correct or explain any of the circumstances identified by the hearing officer. Mitchell explained each of his convictions at length. Hence, the hearing was conducted in accordance with the regulation, and we find no abuse of discretion.

With regard to the hearing examiner's denial of a probationary license, we note that the suspension was not based, in whole or in part, on an alcohol or drug-related offense. Thus, there is no requirement of a specific finding of "unfit to drive for any purpose," as is mandated in *Beytien v. Reynolds,* 647 P.2d 692 (Colo.App.1982). Therefore, since the record discloses sufficient evidence to support the hearing examiner's denial of a probationary license, and his findings are adequate in that regard, we are precluded from further review of the

propriety or soundness of the hearing officer's decision.

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.