Kenichi SONODA, Plaintiff-Appellee,

v.

STATE of Colorado; Governor Richard D. Lamm; Colorado Department of Revenue, Motor Vehicle Division; Alan Charnes, Director, Colorado Department of Revenue; R.W. Skeen, Director, Motor Vehicle Division, Colorado Department of Revenue; and Guy Meyer, Defendants-Appellants.

No. 82CA1289.

Colorado Court of Appeals, Div. I.

May 5, 1983.

Berenbaum & Berenbaum, Edwin G. Perlmutter, Amy Therese Loper, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sp. Asst. Atty. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendants-appellants.

VAN CISE, Judge.

The Department of Revenue appeals from an order of the district court mandating issuance of a probationary driver's license to Kenichi Sonoda. We reverse.

The hearing officer ordered suspension of Sonoda's license for one year for an accumulation of 12 points during a 12-month period. That suspension is not at issue in this appeal. Sonoda's request for a probationary license was denied. *See* § 42–2–123(11), C.R.S.1973 (1982 Cum.Supp.); Department of Revenue Regulation No. 2–123.11, 1 Code Colo.Reg. 204–8 (1977). The hearing officer found that although Sonoda had established his need for a probationary license, there were aggravating circumstances which outweighed this need, specifically, repeated violations of a particular offense, two prior suspensions, and carelessness. He found no mitigating factors.

On appeal the district court affirmed the suspension of Sonoda's license, but found that the record revealed many mitigating and few aggravating factors, and concluded that the department had acted arbitrarily and capriciously in denying Sonoda a probationary license.

The department contends that, since the hearing officer's decision was supported by sufficient evidence, it was error for the district court to reverse. We agree.

Regulation No. 2–123.11 sets forth the factors to be considered in granting a probationary license during a period of suspension. Pursuant to this regulation the need of the applicant for a probationary license is merely one factor to be considered in conjunction with the enumerated aggravating and mitigating factors. *Edwards v. State,* 42 Colo.App. 52, 592 P.2d 1345 (1979). Here, there was competent evidence to support the hearing officer's findings of aggravating circumstances and lack of mitigating circumstances and, therefore, to sustain the denial of a probationary license. Hence, both the district court and this court are precluded from further review of the soundness of that denial. *See Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *Mitchell v. Charnes,* 656 P.2d 719 (Colo.App. 1982).

Sonoda argues that because he had no convictions for careless driving pursuant to § 42–4–1204, C.R.S.1973 (1982 Cum.Supp.), the hearing officer improperly listed "careless" as an aggravating factor. We do not agree.

For a finding of "careless," it is not necessary that the licensee have a reckless driving conviction. It is enough if, as stat-

ed in the regulation, there were "circumstances existing at the time of the occurrence of a traffic offense for which the licensee was convicted which tend to show ... that licensee drove a motor vehicle in a careless or imprudent manner without due regard for the width, grade, curves, corners, traffic, and any use of the streets and highways and all other attendant circumstances." The record shows the existence of these attendant circumstances, so the finding of "careless" is binding on appeal.

The judgment of the district court is reversed, and the cause is remanded to that court with directions to order the suspension reinstated.

ENOCH, C.J., and PIERCE, J., concur.