Eric Todd ISBERG, Plaintiff-Appellant,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Alan Charnes, Executive Director, State of Colorado, Department of Revenue, Motor Vehicle Division, Defendants-Appellees.

No. 82CA1293.

Colorado Court of Appeals, Div. I.

Sept. 1, 1983.

G. Paul McCormick, Boulder, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Roger M. Morris, Asst. Atty. Gen., Denver, for defendants-appellees.

METZGER, Judge.

Eric Todd Isberg appeals the district court's affirmance of an order by the Department of Revenue Motor Vehicle Division denying him a probationary license after his driver's license was suspended for an excess accumulation of points, including two offenses involving alcohol. We reverse.

Isberg appeals only the denial of his probationary license for work-related purposes pursuant to § 42–2–123(13)(b), C.R.S.1973 (1982 Cum.Supp.).

In support of his application for a probationary license for work-related driving, Isberg presented extensive uncontradicted evidence from both his employer and himself that all his driving violations were completely unrelated to his work, that he was not in need of alcohol treatment, and that his continuing right to drive for work purposes was essential to his job. However, the hearing officer denied Isberg's application, citing only sections of the regulations setting forth the criteria for the granting or denial of a probationary license. *Department of Revenue Regulation No. 2–123.11,* 1 *Code Colo.Reg.* 204–8. He made no specific factual findings, but concluded that Isberg's cumulative driving record constituted, in law, aggravating circumstances sufficient to render him an unsafe driver for any purpose.

The department argues that a hearing officer in such cases need only apply general considerations of driving record and overall driver safety listed in *Department of Revenue Regulation No. 2–123.11,* 1 *Code Colo.Reg.* 204–8, the regulation under which initial license suspension takes place. Notwithstanding the department's contentions and practices, the General Assembly has mandated that: "In refusing to issue a probationary license, the department shall make specific findings of fact to support such refusal." Section 42–2–123(13)(b), C.R.S.1973 (1982 Cum.Supp.). *See also Beytien v. Reynolds,* 647 P.2d 692 (Colo.App. 1982). Here, specific findings as to the merits of Isberg's application, his soundness while driving for work-related driving, were not made.

The judgment of the district court is reversed and the cause is remanded to the district court with directions to remand to the Department of Revenue for a determination, pursuant to § 42–2–123(13)(b), C.R.S.1973 (1982 Cum.Supp.) whether Isberg is "unsafe for driving for any purpose". In making this determination, the limited purpose of solely work-related driving shall be considered. Such determination, pursuant to that same statute, shall be supported by specific findings of fact based on the present record. Issuance or denial of a probationary license is to be made accordingly.

PIERCE and BERMAN, JJ., concur.