**Jack Randall FISHER, Plaintiff-Appellant,**

v.

**R. JORGENSEN, Hearing Officer for the Department of Revenue, Motor Vehicle Division of the State of Colorado; Alan N. Charnes, Executive Director, Department of Revenue, State of Colorado; and R.W. Skeen, Administrator, Motor Vehicle Driver Improvement Section, State of Colorado, Defendants-Appellees.**

No. 83CA0309.

Colorado Court of Appeals, Div. II.

Dec. 1, 1983.

G. William Beardslee, Fort Collins, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sp. Asst. Atty. Gen., Roger M. Morris, Asst. Atty. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Jack Randall Fisher appeals the district court's affirmance of an order issued by the Department of Revenue denying him a probationary license following the suspension of his driver's license. We affirm.

Fisher's driver's license was suspended for an excess accumulation of points resulting from various traffic violations, none of which was alcohol or drug-related. That suspension is not at issue in this appeal.

Fisher requested a probationary license for employment purposes and presented evidence of need. However, citing aggravating factors in Fisher's driving record (a prior suspension, convictions for reckless driving and eluding, points in excess of the number required for suspension, and repeated speeding violations), the hearing officer denied Fisher's request for a probationary license and concluded that he was "unsafe to drive under any conditions." On appeal, the district court affirmed the suspension and the denial of the probationary license.

## I.

On appeal to this court, Fisher contends that the hearing officer made inadequate findings of fact to support the conclusion that Fisher was "unsafe to drive under any conditions." His contention is inapplicable and is without merit.

Since *Elizondo v. Motor Vehicle Division,* 194 Colo. 113, 570 P.2d 518 (1977), the decision on whether to grant or deny a probationary license is governed by § 42–2–123(11), C.R.S.1973 (1982 Cum.Supp.), as supplemented by Department of Revenue Regulation No. 2–123.11, 1 Code Colo.Reg. 204–8 (1977). The need of the applicant for a probationary license is merely one factor to be considered by the hearing officer in conjunction with the enumerated aggravating and mitigating factors in the driver's cumulative driving record. *Sonoda v. State,* 664 P.2d 259 (Colo.App.1983); *Edwards v. State,* 42 Colo.App. 52, 592 P.2d 1345 (1978). Here, the hearing officer made findings with respect to such of those factors as were applicable.

There is nothing in § 42–2–123(11) or in the regulation that refers to a finding of "unsafe to drive under any conditions." *Cf.* § 42–2–123(13), C.R.S.1973 (1982 Cum. Supp.) and *Isberg v. Department of Revenue,* 670 P.2d 29 (Colo.App.1983). Therefore, that statement was irrelevant. The other findings of aggravation, however, are sufficient to sustain the denial.

## II.

Fisher also argues that the statutory scheme of §§ 42–2–123(11) and (13), C.R.S. 1973 (1982 Cum.Supp.) denies him equal protection because an individual whose license suspension is based, at least in part, on an alcohol or drug-related offense must be granted a probationary license unless the hearing officer finds that he is "unsafe to drive for any purpose," while no such finding is required before denying a probationary license to a driver with no alcohol-related offenses. He suggests that there is no rational basis for such classification.

Although this argument challenges the facial constitutionality of a statute, the Supreme Court has determined that this court should retain jurisdiction to decide this issue in this case.

Fisher's equal protection argument is without merit. Subsection 42–2–123(11), supplemented by the regulation, applies to all applicants. It sets forth the factors to be considered in all cases in deciding whether an applicant should be granted or denied a probationary license, regardless of the reason for the suspension. Subsection 42–2–123(13) adds additional conditions and possible disqualifications to persons with drug or alcohol related convictions. Since Fisher is not personally affected by the more rigorous requirements of § 42–2–123(13), he has no standing to challenge its constitutionality. *People v. Stage,* 195 Colo. 110, 575 P.2d 423 (1978).

## III.

Fisher's final argument challenges § 42–2–123(13)(b) on due process grounds, citing the lack of rules and regulations to guide the hearing officer in a determination that a driver is "unsafe to drive for any purpose." However, since the requirements of § 42–2–123(13) are not relevant to this proceeding, Fisher cannot be adversely affected by them. Therefore, he has no standing to attack the constitutionality of the statute. *See DiLeo v. Board of Regents,* 196 Colo. 216, 590 P.2d 486 (1978).

Judgment affirmed.

SMITH and KELLY, JJ., concur.