**Barbara Rae ELKINS,
Plaintiff-Appellee,**

v.

**Alan N. CHARNES, Executive Director of the Department of Revenue of the State of Colorado, and Steven L. Altman, Hearing Officer, Defendants-Appellants.**

**No. 83CA0672.**

Colorado Court of Appeals,
Div. IV.

May 17, 1984.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., James R. Willis, Asst. Atty. Gen., Denver, for defendants-appellants.

LEE,* Justice.

Defendants, the executive director and a hearing officer of the Department of Revenue, appeal from an order of the district court reducing the period of suspension of plaintiff Barbara Rae Elkins' driver's license from seven months to ninety days, and mandating the issuance of a probationary driver's license. We reverse.

The hearing officer suspended Elkins' driver's license for an accumulation of excess points. Citing aggravating factors in Elkins' Motor Vehicle Division driving record (a prior suspension; repeat violations of a particular offense; and points accumulated after attendance at a defensive driving school), the hearing officer lengthened the six month base period of suspension by one month. Elkins requested a probationary license for employment purposes, stating that she was reluctant to use available public transportation because she sometimes worked late at night. Although the hearing officer recognized Elkins' need for a probationary license, he found that the aggravating factors outweighed that need and therefore he denied her request.

Elkins sought review in the district court pursuant to § 24–4–106, C.R.S. (1982 Repl. Vol. 10). The district court ruled that the hearing officer's actions were arbitrary and capricious because he had failed to consider the minor nature of the offenses involved and the explanations offered by Elkins. The court ordered a reduction in the period

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

of suspension, and the issuance of a probationary license.

Defendants contend that the hearing officer properly applied Department of Revenue Regulation No. 2–123.11, 1 Code Colo. Reg. 204–8 (1977), and therefore, it was error for the district court to reduce the period of suspension and to order the issuance of a probationary license. We agree.

■ Section 42–2–123(11), C.R.S. (1983 Cum.Supp.) vests in the department the discretionary authority to determine the length of the period of suspension and whether to grant or deny a probationary license. Regulation No. 2–123.11 was promulgated to provide articulated standards to serve as a guide in the exercise of that discretion. *Edwards v. State*, 42 Colo.App. 52, 592 P.2d 1345 (1978); *see also Elizondo v. State*, 194 Colo. 113, 570 P.2d 518 (1977). Pursuant to Regulation No. 2–123.11, a hearing officer, in determining the length of the suspension and whether to grant a probationary license, must base his determination *solely* on a review of a driver's Motor Vehicle Division driving record and the presence of or absence of the factors set forth in the regulation. Thus, the fact that the offenses leading to the suspension were minor in nature and were explained by the driver are not factors which the regulation authorizes the hearing officer to consider.

■ Because here the hearing officer correctly analyzed Elkins' Motor Vehicle Division driving record, pursuant to Regulation No. 2–123.11, and made a discretionary determination based upon that correct analysis, neither we, nor the district court, are free to set aside his order. *See Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (1978); *Sonoda v. State*, 664 P.2d 259 (Colo.App. 1983). We do not view the hearing officer's determination to be arbitrary, capricious, or an abuse of discretion.

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the order of suspension.

ENOCH, C.J., and COYTE,* J., concur.

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).