**Michael E. HOTH, Plaintiff-Appellant,**

**v.**

**Alan M. CHARNES, Director of the Department of Revenue, State of Colorado, Hearing Officer John Strombeck, the Department of Revenue, Motor Vehicle Division of the State of Colorado, Defendants-Appellees.**

**No. 85CA0887.**

Colorado Court of Appeals,
Div. III.

Jan. 8, 1987.

Rehearing Denied Feb. 12, 1987.

Certiorari Denied (Hoth) May 11, 1987.

Jeffrey S. English, Lakewood, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellees.

BABCOCK, Judge.

Petitioner, Michael E. Hoth, appeals the judgment of the district court affirming an order of the Department of Revenue deny-

ing him a probationary driver's license. We affirm.

Petitioner's driver's license was revoked pursuant to § 42–2–122(1)(g), C.R.S. (1984 Repl.Vol. 17) after he was convicted of two alcohol-related traffic offenses within five years. After a hearing on the matter, the hearing officer denied petitioner's request for a probationary driver's license pursuant to § 42–2–122(4), C.R.S. (1984 Repl.Vol. 17), on the ground that aggravating circumstances, as set forth in Department of Revenue Regulation No. 2–122.4(B), 1 Code Colo.Reg. 204–8, weighed against it. Petitioner appealed the hearing officer's decision to the district court, which affirmed.

Petitioner contends that the Motor Vehicle Division abused its discretion in denying his request for a probationary license. We disagree.

■ The decision whether to grant a probationary license is within the sound discretion of the hearing officer, *Edwards v. State,* 42 Colo.App. 52, 592 P.2d 1345 (1978), and will be set aside as an abuse of discretion only if there is no competent evidence in the record to support it. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *Mitchell v. Charnes,* 656 P.2d 719 (Colo. App.1982).

Here, the hearing officer found the existence of two aggravating factors: petitioner's prior license suspension, *see* Regulation No. 2–122.4(B)(1)(b), 1 Code Colo.Reg. 204–8, and his repeated convictions for driving while ability impaired. *See* Regulation No. 2–122.4(B)(1)(d), 1 Code Colo.Reg. 204–8. There was competent evidence to support the hearing officer's findings of aggravating circumstances and, therefore, to sustain the denial of a probationary license. Hence, this court is precluded from further review of the soundness of that denial. *See Elkins v. Charnes,* 682 P.2d 70 (Colo.App.1984); *Sonoda v. State,* 664 P.2d 259 (Colo.App.1983).

■ Petitioner argues that the hearing officer failed to take into account the hardship to him that would result from denial of a probationary license. However, hardship to the applicant is merely one factor to be considered by the hearing officer, *Edwards v. State, supra,* and the record discloses no abuse of discretion in that regard.

■ Petitioner's argument that the hearing officer failed to consider as a mitigating factor his successful completion of a Level II alcohol education and therapy program is without merit. Completion of such a program is a prerequisite to application for a probationary license, not a mitigating factor to be considered in its granting or denial. Section 42–2–122(4), C.R.S. (1984 Repl.Vol. 17).

Order affirmed.

VAN CISE and METZGER, JJ., concur.