## No. C-1197

**Joseph F. Dolan, Director of the Department of Revenue, State of Colorado, and Steven J. Dawes, Hearings Officer, Department of Revenue, State of Colorado v. Harley Earl Rust**

(576 P.2d 560)

Decided April 3, 1978.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Arthur G. Staliwe, Assistant, John R. Rodman, Assistant, Felipe V. Ponce, Assistant, for petitioner.

Cecil A. Hartman, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Pursuant to Colorado's implied consent law, section 42-4-1202(3), C.R.S. 1973, respondent Rust's driving privileges were revoked for six months by the Department of Revenue. This action was taken after a hearing and based on findings that respondent Rust refused a chemical test after being taken into custody for driving a motor vehicle while under the influence of alcohol. This revocation was voided in the district court, and on appeal by the Department of Revenue, the court of appeals affirmed the district court in *Rust v. Dolan,* 38 Colo. App. 529, 563 P.2d 28 (1977). We granted certiorari to review this decision. We reverse.

The pertinent facts before the Department of Revenue are as follows. Shortly after 10:00 p.m. on June 13, 1975, a Colorado state patrolman saw a vehicle with its lights on parked on the shoulder of Interstate Highway 70. As he approached the automobile, the patrolman observed the driver, Harley Earl Rust, slumped in the front seat of the vehicle where two empty whiskey bottles were observed. Upon opening the door, the patrolman detected the strong odor of intoxicating liquor coming from within the automobile. In response to questions from the patrolman, Rust moaned and began to vomit violently.

Since Rust was unable to walk, the patrolman and another officer had to remove him from the vehicle and carry him to the patrol car. In the patrol car, Rust became coherent enough to tell his name to the patrolman and produce his driver's license. The patrolman read an implied consent form to Rust who agreed to take a gas chromatograph test. Rust continued to vomit in the patrol car and repeatedly said, "I'm drunk, I know I'm drunk."

Upon arrival at the Aurora police station, Rust was carried to the test room. Rust refused a request to blow into the breathalyzer machine, saying, "I'm too drunk, just throw me in jail." Rust continued to vomit and

refused to stand up for the purpose of being tested. The arresting officer testified that "we determined that there was no further use to try and test him." He was incarcerated at the Arapahoe county jail, after being charged with driving while under the influence of alcohol.

An implied consent hearing was conducted by the Department of Revenue on July 22, 1975. The hearing officer found that testimony from the two police officer, who related the foregoing facts, constituted sufficient grounds to believe that Rust had been driving a motor vehicle while under the influence of alcohol. The hearing officer also found that Rust had been properly informed of the implied consent law and had refused the chemical test. Pursuant to section 42-2-122(1)(j), C.R.S. 1973, Rust's driver's license was revoked for a six-month period.

The district court set aside the hearing officer's order, and in so doing, substituted its judgment for that of the hearing officer as to wilful refusal. The court of appeals affirmed the judgment of the district court, reasoning that Rust had not refused to take the test, since he was physically incapable of so refusing, and that therefore the hearing officer's order revoking Rust's license was arbitrary and capricious.

In pertinent part, section 42-4-1202(3)(d), C.R.S. 1973, provides that:

"Any person who is dead, unconscious, or otherwise in a condition rendering him incapable of refusal shall be deemed not to have withdrawn his consent provided by paragraph (a) of this subsection (3), and the test may be administered subject to paragraph (b) of this subsection (3)."

In deciding whether there was a refusal to submit to a chemical test, the trier of fact should consider the driver's words and other manifestations of willingness or unwillingness to take the test. In *Hoban v. Rice,* 25 Ohio St. 2d 111, 267 N.E.2d 311 (1971), the Supreme Court of Ohio stated that:

"[t]he determination will be based on an objective standard, not a subjective standard, such as the state of mind of the licensee. The subjective state of mind of the licensee cannot control the outcome of the proceedings, and a police officer is not required to know the state of mind of the person arrested and determine whether such person understood he was refusing to submit to the test. To require that would place an impossible burden on the arresting officer."

Therefore, it is the driver's external minifestations of unwillingness or his outright refusal to take the test which are relevant, and not the driver's state of mind or his later recollection of events. Under the court of appeals' theory, a driver could refuse to take the test and then later testify that he does not recollect his refusal, effectively nullifying the statute.

In order for a court to set aside a decision by an administrative agency on the ground that it is arbitrary or capricious pursuant to section 24-4-106(7), C.R.S. 1973, the court must find that there is no competent

evidence supporting the agency's decision. *Board of County Commissioners v. Simmons,* 177 Colo. 347, 494, P.2d 85 (1972). After reviewing the record, we find that the district court improperly set aside the department's action since there was competent evidence in the record supporting the hearing officer's finding that Rust had refused to submit to the test.

The judgment of the court of appeals is reversed and this cause is returned to that court for remand to the district court with directions to affirm the Department of Revenue's revocation order.

Mr. JUSTICE GROVES dissents.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.

MR. JUSTICE GROVES dissenting:

I respectfully dissent and would affirm the court of appeals. I do not agree with the statement in the majority opinion:

"Under the court of appeals' theory, a driver could refuse to take the test and then later testify that he does not recollect his refusal, effectively nullifying the statute."

If the respondent was as intoxicated as is indicated by the record, the court of appeals' opinion and the majority opinion here, then it is quite conceivable that he could have been convicted under section 42-4-1202, C.R.S. 1973 of driving under the influence of intoxicating liquor. From such a conviction the Department of Revenue could suspend his license. *See* section 42-2-123, C.R.S. 1973.

I agree with the following statement in the court of appeals' opinion (*Rust v. Dolan,* 38 Colo. App. 529, 563 P.2d 28):

"In the light of Rust's condition as testified to by the arresting officer, we agree with the district court that, '[t]his is not a case where a man wilfully refused to take the test. . . .'

"Section 42-4-1202(3)(d), C.R.S. 1973, provides the procedure to be followed when an officer arrests an individual who is 'in a condition rendering him incapable of refusal,' and that procedure should have been followed in this case.''