**Gregory SMITH, Plaintiff-Appellant,**

v.

**COLORADO DEPARTMENT OF REVE-
NUE, MOTOR VEHICLE DIVISION,
Defendant-Appellee.**

No. 82CA0567.

Colorado Court of Appeals,
Div. I.

Nov. 26, 1982.

Rehearing Denied Jan. 6, 1983.

Certiorari Denied March 28, 1983.

Larry Galka, Colorado Springs, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Charles Howe, Deputy Atty. Gen., Joel Cantrick, Sp. Asst. Atty. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for defendant-appellee.

PIERCE, Judge.

■ The district court affirmed the revocation of the driver's license of Gregory Smith. The plaintiff had been previously convicted of operating a vehicle while under the influence of, or impaired by, alcohol. In the instant case, plaintiff refused to submit to an alcohol determination test. Based upon the plaintiff's driving record and this refusal, the Department of Revenue revoked his driver's license. Now plaintiff appeals and we affirm.

Relative to plaintiff's refusal to submit to an alcohol determination test, the facts, as

determined by the Department of Revenue from ample evidence of record, are that the plaintiff was observed driving in an erratic manner and was stopped by a police officer. At the scene, it was noticed that plaintiff had an alcoholic odor on his breath, and therefore, he was given extensive coordination tests, the results of which were consistent with intoxication.

He was then advised he was under arrest for driving under the influence or impaired by alcohol, and he was handed a legible copy of the advisement form which was read aloud to him. Plaintiff stated that he understood the form and had no questions; upon being requested to submit to either a blood alcohol, a breath, or a urine test, he refused all three tests.

Plaintiff maintains he was taken to the hospital for a blood test which the police officer advised him not to take, and at that time and later at the police station, he was not given the option of taking the other two tests. There is conflicting evidence in the record that the hospital incident took place. The hearing officer found, however, that plaintiff was advised of his rights under the implied consent law, that chemical tests were requested, and that they were refused.

On the basis of the factual determinations made by the Department, the legal determination resulting in the revocation of plaintiff's license was correct. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978).

Review of this record leads us to conclude that this appeal is groundless, frivolous, and filed purely for delay. Therefore, under the authority of C.A.R. 38, we order plaintiff to pay the sum of $500 to the Department of Revenue as damages.

The judgment is affirmed.

COYTE and KELLY, JJ., concur.