Harold Dean HENDRICKSON,
Plaintiff-Appellant,

v.

The STATE of Colorado, DEPARTMENT
OF REVENUE, MOTOR VEHICLE DI-
VISION, and W. Bidwell, Hearings Of-
ficer, Defendants-Appellees.

No. 85CA0116.

Colorado Court of Appeals,
Div. IV.

Feb. 13, 1986.

S. Ford Andersen, P.C., S. Ford Ander-
sen, Lamar, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Anthony S. Trumbly,
Asst. Atty. Gen., Denver, for defendants-
appellees.

HODGES *, Judge.

Harold Dean Hendrickson appeals from a
district court judgment upholding the revo-
cation of his driver's license. We affirm.

Hendrickson was arrested for driving a
vehicle when the level of alcohol in his
breath exceeded 0.15 grams of alcohol per
210 liters of breath in violation of § 42–4–
1202(1.5), C.R.S. (1984 Repl.Vol. 17). Using
the notice of revocation form provided by
the motor vehicle division, the arresting
officer advised Hendrickson of his rights,
including the right to a hearing before the
motor vehicle division. Acting pursuant to
§ 42–2–122.1(1)(b), C.R.S. (1984 Repl.Vol.
17), the Department of Revenue revoked
Hendrickson's driver's license. Hendrick-
son requested a hearing, after which the
revocation was sustained. He then sought
to have the revocation set aside in the
district court.

Hendrickson contends that because the
notice of revocation served by the arresting
officer failed to comply with § 42–2–122.-

* Sitting by assignment of the Chief Justice under
provisions of the *Colo. Const.*, Art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

1(3)(c), C.R.S. (1984 Repl.Vol. 17), the district court erred in not reinstating his driving privileges. He argues that the notice of revocation was fatally defective because it stated that the chemical test of his breath "disclosed an alcohol concentration of 0.15 or more" when § 42–2–122.1(8)(c), C.R.S. (1984 Repl.Vol. 17) requires that a finding be made that the driver had "0.15 or more grams of alcohol per hundred milliliters of blood or 0.15 grams of alcohol per two hundred ten liters of breath at the time of the commission of the alleged offense." We disagree.

Here, although the notice set forth a shortened description of the percentage of alcohol that must be found in Hendrickson's breath, it did cite him to the appropriate statutory section which describes specifically and fully the alcoholic content of the breath or blood which must be established at the motor vehicle division hearing before the revocation can be sustained. Hendrickson requested the hearing and appeared with counsel. There is no indication in the record of the hearing that the notice caused him any prejudice in the cross-examination of the state's witnesses or presentation of his case. Furthermore, one who, in response to a notice, appears with counsel and fully participates in a hearing, should not later be heard to complain as to the sufficiency of the notice he received. *Mattingly v. Charnes,* 700 P.2d 927 (Colo. App.1985).

In an agency proceeding of the type provided here, due process requires notice reasonably calculated to apprise the person notified of the nature of the proceeding and an opportunity to present his objections. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The notice here fully complies with this requirement.

We thus perceive no prejudice affecting Hendrickson's substantial rights, and the Department of Revenue's ruling and the district court's judgment upholding the rev-ocation must stand. *See Mattingly v. Charnes, supra.*

Judgment affirmed.

ENOCH, C.J., and SILVERSTEIN *, J., concur.