**Terrill Lee KENNEY, Plaintiff-Appellee,**

v.

**Alan CHARNES, Director of the Department of Revenue, Motor Vehicle Division, State of Colorado, and the Motor Vehicle Division, State of Colorado, Defendants-Appellants.**

**No. 85CA0178.**

Colorado Court of Appeals, Div. IV.

March 13, 1986.

Polidori, Rasmussen, Gerome & Jacobson, Dennis J. Jacobson, Barry A. Seldin, Lakewood, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellants.

ENOCH, Chief Judge.

Defendants appeal the district court judgment reversing the revocation of plaintiff's driver's license entered pursuant to § 42-2-122.1, C.R.S. (1984 Repl.Vol. 17). We reverse.

Plaintiff was arrested and charged with driving while under the influence of alcohol. After plaintiff refused to submit to a test to determine the alcohol content of his blood, the arresting officer prepared a notice of revocation and took possession of plaintiff's driver's license. Upon plaintiff's refusal to sign an acknowledgement of receipt of the notice, rather than giving the notice to plaintiff, the arresting officer retained it and forwarded it, along with plaintiff's driver's license and his verified report, to the Department of Revenue (department). Plaintiff subsequently contacted the department, explained that he had not received a notice of revocation, and requested return of his license. The department returned the license, but issued its own notice of revocation, specifying the procedure for requesting a hearing. Plaintiff requested a hearing and was issued a temporary driver's permit.

At the hearing, plaintiff argued that the department lacked jurisdiction to revoke his license because the arresting officer had failed to follow the provisions of § 42-2-122.1(4)(a), C.R.S. (1984 Repl.Vol. 17). The hearing officer ruled that the notice of revocation mailed to plaintiff by the department was sufficient to confer jurisdiction and revoked plaintiff's license. The district court reversed, holding that the notice of revocation had been improperly served on plaintiff and concluded, therefore, that the department lacked jurisdiction to enter an order revoking the license.

On appeal, the department contends that it had jurisdiction even though the police officer failed to serve plaintiff personally. We agree.

Because the arresting officer erroneously failed to serve plaintiff personally with notice of revocation after his refusal to submit to the blood alcohol test, as required by § 42-2-122.1(4)(a), C.R.S. (1984 Repl.Vol. 17), plaintiff did not receive sufficient notice at that time. Contrary to plaintiff's contention, however, the officer's error did not affect the department's jurisdiction to serve plaintiff with notice and enter an order revoking his license.

The department issued a notice of revocation pursuant to the authority granted it by § 42-2-122.1(3)(a), C.R.S. (1984 Repl. Vol. 17), which provides that the department shall issue a notice of revocation "[i]f [it] determines that the person is subject to license revocation and if notice of revocation *has not already been served*" by the arresting officer (emphasis added). Although that provision was intended to apply primarily when blood alcohol test results are unavailable at the time a driver is released from police custody, the statutory language does not limit its applicability solely to that situation, and we will not so construe it. *See People v. Hale*, 654 P.2d 849 (Colo.1982) (dismissal of complaint was improper sanction where probation revocation hearing failed to be held within 15 days as required by statute and statute

**1022**

was silent concerning consequences of such failure).

Plaintiff's right to notice and a hearing was not prejudiced by the officer's procedural error. *See Mattingly v. Charnes,* 700 P.2d 927 (Colo.App.1985). Thus, we hold that notice by the department in compliance with § 42–2–122.1(3)(a), C.R.S. (1984 Repl.Vol. 17) was sufficient to confer jurisdiction on the department to revoke plaintiff's driver's license.

Plaintiff's arguments in support of the district court's judgment are without merit.

The judgment is reversed and the cause is remanded to the district court with directions to reinstate the order of the Department of Revenue revoking plaintiff's driver's license.

HODGES, Justice, and SILVERSTEIN, Judge,* concur.