**Daniel FRANKLIN, Plaintiff-Appellee,**

v.

**COLORADO DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant-Appellant.**

**No. 85CA1391.**

Colorado Court of Appeals, Div. I.

Sept. 25, 1986.

Harold M. Fielden, Boulder, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

METZGER, Judge.

The Department of Revenue (Department) appeals from a district court judgment reversing the revocation of Daniel Franklin's driver's license. We reverse.

Franklin was arrested for driving a vehicle while intoxicated in violation of § 42–4–1202(1.5), C.R.S. (1984 Repl. Vol. 17). He agreed to take a blood test, and the blood sample was determined to contain 0.189 grams of alcohol per hundred milliliters of blood, subjecting Franklin's license to revocation pursuant to § 42–2–122.1, C.R.S. (1984 Repl. Vol. 17). Since the blood test results were not available until after Franklin was released from custody, the police forwarded a report to the Department in accordance with § 42–2–122.1(2)(a), C.R.S. (1984 Repl.Vol. 17). Based on this information, the Department revoked Franklin's license and sent a notice of revocation to Franklin at his last known address pursuant to § 42–2–122.1(3), C.R.S. (1984 Repl.Vol. 17).

Franklin timely requested a hearing, where he appeared with counsel to contest the revocation. The hearing officer made a final determination upholding the revocation and Franklin appealed. The district court reversed the hearing officer's final determination, holding that the notice sent to Franklin was deficient because it contained no indication of the specific reason for the revocation as required by § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17).

The Department argues that the notice of revocation mailed to Franklin properly complied with the requirements of § 42–2–122.1(3)(c), C.R.S. (1984 Repl.Vol. 17), and thus, the trial court erred in reversing the hearing officer's final determination. We agree.

As Franklin admits on appeal, the notice he received contained all of the information required by § 42–2–122.1(3)(c). It stated the reason and statutory grounds for the revocation, the effective date of revocation, and the right to and procedure for requesting a hearing. Since it fully apprised Franklin of the nature of the proceedings against him and of the other information required by statute, the notice was legally sufficient under the rule announced in *Hendrickson v. State*, 716 P.2d 489 (Colo. App.1986).

Nevertheless, Franklin contends that the report mailed by the police to the Department did not comply with § 42–2–122.1(2)(a) and (c), C.R.S. (1984 Repl.Vol. 17). Specifically, Franklin argues that the revocation cannot be upheld because, in completing the Department's form, the police officer failed to place the blood test results in the proper space, and failed to indicate by a checkmark that the revocation was based upon an alcohol concentration of

0.15 or more in the blood. Thus, he asserts, the Department had insufficient information to revoke his license. We disagree.

It is undisputed that the police forwarded the revocation notice to the Department together with the chemical blood test results and other documents, including a copy of the summons and complaint and the arrest report as required by § 42–2–122.1(2)(a), C.R.S. (1984 Repl.Vol. 17). Notwithstanding the fact that the form was incomplete, when all these documents are read as a whole, the requirements of the statute were met. Consequently, we hold that the Department had sufficient information to revoke Franklin's license.

The judgment is reversed, and the cause is remanded to the district court with directions to enter judgment affirming the driver's license revocation order.

PIERCE and STERNBERG, JJ., concur.