Michael Francis POTTER, Plaintiff-Appellee and Cross-Appellant,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION; Alan N. Charnes, Executive Director of Said Department; R.W. Skeen, Motor Vehicle Administrator; and George M. Theobald, Chief Hearing Officer, Defendants-Appellants and Cross-Appellees.

No. 85CA1655.

Colorado Court of Appeals, Div. IV.

May 7, 1987.

Rehearing Denied June 4, 1987.

Gehler & Merrigan, Thomas E. Merrigan, Commerce City, for plaintiff-appellee and cross-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellants and cross-appellees.

SILVERSTEIN,* Judge.

Plaintiff brought this action to review the revocation of his driver's license by the Department of Revenue (Department). The trial court set aside the revocation, and ordered the Department to grant plaintiff a full hearing on the merits of his license revocation. The Department appeals the setting aside of the revocation, and plaintiff appeals that part of the judgment which ordered a hearing on the merits, contending that the revocation proceeding should be dismissed. We affirm.

Plaintiff was arrested and charged with driving while under the influence of alcohol. Plaintiff initially requested a blood test, but after he was transported to the hospital he decided that he preferred a breath test, and refused to have his blood tested. The arresting officer determined that this constituted a refusal to take the test.

The arresting officer prepared and mailed to the Department of Revenue a report as required by § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17). However, she did not give plaintiff a notice of revocation, nor did she keep his driver's license and issue him a temporary license.

The Department subsequently mailed a notice of revocation by certified mail, return receipt requested, to plaintiff's address as listed in its files and to the address plaintiff gave the arresting officer. Both notices were returned to the Department unclaimed. Not having heard from plaintiff as of December 9, 1984, the Department revoked his license as of that date on the basis that plaintiff had waived his right to a hearing.

While driving his car in early January 1985, plaintiff was stopped by a police officer who, after checking his license, advised him that his license had been revoked. He contacted an attorney, and, on January 16, 1985, the attorney sent a written request for a hearing, together with plaintiff's affidavit which set forth his reasons for the delay as provided in § 42–2–122.1(7)(c), C.R.S. (1984 Repl.Vol. 17). These reasons included lack of notice and lack of advisement that he had only seven days to request a hearing. The Department denied his request on the ground that the mailing of the notice of revocation constituted sufficient notice.

Plaintiff then filed this action in the district court. The court ordered the Depart-

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

ment to grant plaintiff a hearing on the grounds that the notice of revocation mailed by the Department, even if received, did not constitute proper notice.

The Department contends on appeal that the notice it mailed to plaintiff was sufficient to satisfy the statute. Although we agree that the language of the notice was sufficient to satisfy the statute, we affirm the judgment of the trial court on the basis that it was not properly served on plaintiff.

### I.

■ Section 42–2–122.1(3)(c), C.R.S. (1984 Repl.Vol. 17) provides:

"The notice of revocation shall clearly specify the reason and statutory grounds for the revocation, the effective date of the revocation, the right of the person to request a hearing, the procedure for requesting a hearing, and the date by which that request for a hearing must be made."

The trial court determined that the notice did not properly advise plaintiff of his right to request a hearing. However, the notice, dated November 28, 1984, after stating the reason and statutory grounds for the revocation, provided:

"A hearing will be granted upon the surrender of your Colorado driver's license and receipt of a written request received by this or any Colorado driver's license office prior to the effective date. If a hearing request is not received prior to the effective date your right to a hearing is waived."

The notice then stated that December 9, 1984, was the effective date. Thus, the statutory requirements were met, and the notice, if served, would have given plaintiff proper notice. *See Hendrickson v. State,* 716 P.2d 489 (Colo.App.1986).

### II.

Plaintiff contends that he was deprived of due process because the arresting officer failed to serve him personally with notice of revocation. We disagree.

Section 42–2–122.1(4), C.R.S. (1984 Repl. Vol. 17) provides that whenever an arrested person refuses to submit to chemical tests, as required by statute, "the officer, acting on behalf of the department, shall serve the notice of revocation personally on the arrested person." The statute further provides that the officer shall take the person's license and issue to him a temporary permit which is valid for seven days from its date of issuance. It is undisputed that the arresting officer did not comply with those provisions of the statute.

■ However, the arresting officer did file with the Department a report of the facts relative to the incident as required by § 42–2–122.1(2)(b), C.R.S. (1984 Repl.Vol. 17). Upon receipt of the notice, the Department issued the notice of revocation pursuant to § 42–2–122.1(3)(a), C.R.S. (1984 Repl.Vol. 17), which provides that the Department shall issue the notice "[i]f [it] determines that the person is subject to license revocation *and if notice has not already been served*" by the arresting officer. (emphasis supplied) Thus, the officer's omission did not affect the Department's jurisdiction to serve plaintiff with notice and, after service, to revoke his license. *Kenney v. Charnes,* 717 P.2d 1020 (Colo.App.1986); *see Mattingly v. Charnes,* 700 P.2d 927 (Colo.App.1985).

### III.

■ The Department also contends that since the notice of revocation was mailed in conformance with § 42–2–122.1(3)(b), C.R.S. (1984 Repl.Vol. 17), plaintiff was deemed to have received notice, and, therefore, the revocation was proper. We disagree.

The Department relies primarily on *Ault v. Department of Revenue,* 697 P.2d 24 (Colo.1985). However, that case is inapposite here. There, Ault admitted that he had received notice of certified mail, but had failed to claim it. The court stated that Ault had a duty to remain alert to the consequences of his refusal to take a chemical test and had a duty "to pick up mail that might contain official notices pertaining to the consequences." The court then held: "Where nondelivery is thus due to the plaintiff's neglect of his duties, due

process does not require the state to prove more than the mailing of notice."

However, subsequent to the incident at issue in *Ault,* a new statute pertaining to persons who refuse to take a chemical test was enacted. That statute, § 42–2–122.-1(3)(b), C.R.S. (1984 Repl.Vol. 17), is applicable here, and it provides:

"The notice of revocation shall be mailed to the person at the last known address shown on the department's records.... The notice is deemed received three days after mailing, *unless returned by the postal authorities.*" (emphasis supplied)

The *Ault* court specifically declined to address the construction or validity of this statute. *See Ault v. Department of Revenue, supra* (fn. 6). Thus, that case is inapposite here.

Where, as here, we have a general notice statute, § 42–2–117(2), C.R.S. (1984 Repl. Vol. 17) which was controlling in *Ault,* and a specific notice statute, § 42–2–122.1(3)(b), C.R.S. (1984 Repl.Vol. 17), the provisions of the specific statute prevail. *Motor Vehicle Division v. Dayhoff,* 199 Colo. 363, 609 P.2d 119 (1980).

Under the specific statute, service of notice is presumed to be effective three days after mailing unless the notice is returned to the Department. When notice is returned by the postal authorities, such return is evidence of the fact that the notice was not served and the presumption is rebutted.

Since, on the basis of the record here, no notice was given by the arresting officer and plaintiff did not receive the mailed notice, the provisions of § 42–2–122.1(7)(c), C.R.S. (1984 Repl.Vol. 17) apply. As pertinent here, that section provides that if a written request, together with an affidavit setting forth the reasons for the late filing is filed, the Department shall receive and consider the request. It further states: "If the department finds that the person was unable to make a timely request due to lack of actual notice of the revocation ... the department shall ...

re-open the matter and grant the hearing request." Here, the record shows a lack of statutory notice, and thus, the Department's failure to grant the hearing was error.

## IV.

Plaintiff's contention that the revocation should be reversed and the proceeding should be dismissed is without merit. Actual notice and a right to be heard are sufficient to satisfy an individual's right to due process. *See Ault v. Department of Revenue, supra.*

Judgment affirmed.

BABCOCK, J., and Justice HODGES,* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).