Leila (Billy) BOOM, Plaintiff-Appellee,

v.

Alan CHARNES, as Director of the Department of Revenue; and the Motor Vehicle Division, State of Colorado, Defendants-Appellants.

No. 85CA0512.

Colorado Court of Appeals, Div. II.

March 5, 1987.

Rehearing Denied March 26, 1987.

Certiorari Granted (Charnes) July 13, 1987.

Peter L. Mattisson, Westminster, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for defendants-appellants.

TURSI, Judge.

The Director of the Department of Revenue appeals the district court's reversal of the revocation of the driver's license of Leila Boom that had been ordered pursuant to § 42–2–122.1(1)(a)(II), C.R.S. (1984 Repl. Vol. 17). We affirm.

During the afternoon of January 25, 1984, a police officer found Boom at the scene of a one-vehicle accident involving the car Boom had been driving. Boom was suffering from an injury to her head and was somewhat disoriented. The officer called an ambulance and Boom was transported to a hospital for care and treatment.

Approximately two and one-half hours after Boom was found in her car, the officer requested that she submit to a blood test. Although initially refusing to be tested, Boom subsequently agreed thereto and signed an authorization form granting permission for a blood specimen to be taken. However, soon after the nurse began to withdraw a blood specimen, Boom became "irate and combative." Because of Boom's uncooperative behavior, this blood test was aborted before a complete sample was obtained. The officer deemed this conduct as a withdrawal or repudiation of Boom's consent and a refusal to be tested.

Boom was notified that her license was to be revoked, and a hearing was held to determine whether she had refused to submit to a chemical test for alcohol. The hearing officer concluded that Boom had refused a test and, pursuant to § 42–2–122.1(1)(a)(II), C.R.S., revoked her license.

Boom sought judicial review of the revocation, and the district court concluded that there was evidence indicating the existence of a mental or emotional condition that prevented Boom from making a rational decision whether to consent to or refuse testing. Therefore, the district court held that, before ordering revocation, the hearing officer should have first determined whether Boom was capable of rationally deciding whether to consent to or refuse chemical testing for alcohol.

On appeal, the defendants contend that such a determination is not necessary. We agree, but affirm on other grounds presented by this plaintiff.

As was stated in *Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (1978): "[I]t is the driver's external manifestations of unwill-

ingness or his outright refusal to take the test which are relevant, and not the driver's state of mind or his later recollection of events." Although this interpretation specifically concerned the then applicable implied consent statute, it is equally applicable to the new express consent statute.

 An officer is not required to ascertain the driver's subjective state of mind. *Colgan v. State Department of Revenue*, 623 P.2d 871 (Colo.1981). The objective manifestations of the driver are enough to constitute a refusal. *See Colgan v. State Department of Revenue, supra.*

■ In this case, as in *Dolan v. Rust, supra,* the driver displayed elements of both physical inability and outright refusal to perform the chemical test. These objective manifestations in this case are controlling and justified the conclusion of the hearing officer that the test had been refused. *See Dikeman v. Charnes,* 739 P.2d 870 (Colo.App.1987).

■ However, in the matter before us, the request for testing came at least two and one-half hours after Boom last drove her vehicle. Section 42–2–122.1(1)(a)(I), C.R.S. (1984 Repl. Vol. 17) requires that the chemical test used to revoke a driver's license must establish the content of blood alcohol at the time of the commission of the offense or within one hour after the commission of the alleged offense. In *Smith v. Charnes,* 728 P.2d 1287 (Colo.1986) and *Brewer v. Motor Vehicle Division,* 720 P.2d 564 (Colo.1986), challenges to revocation pursuant to § 42–2–122.1 were not sustained based on findings which included the taking of the test "within one hour as required by the statute." Hence, we construe the statute as requiring that a test relied upon for revocation must have been requested within that one hour period.

This construction is consistent with the applicable legislative history. *See* Hearings on H.B. 1287 before the Senate State Affairs Committee, 54th General Assembly, 1st Session, April 27, 1983.

■ We conclude that because the request for a chemical test occurred some two and one-half hours after Boom drove

her car, the request was unauthorized under the statute, and her refusal of the test may not form the basis for a revocation of her driver's license pursuant to § 42–2–122.1(1)(a)(II).

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.