Randle Gillan SHUMATE, Plaintiff–Appellee,

v.

DEPARTMENT OF REVENUE of the STATE of COLORADO, MOTOR VEHICLE DIVISION, and Alan Charnes, as Executive Director of the Department of Revenue of the State of Colorado, Defendants–Appellants.

No. 88CA0962.

Colorado Court of Appeals, Div. II.

Sept. 14, 1989.

Zane M. Pic, Greeley, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Antony B. Dyl, Asst. Atty. Gen., Denver, for defendants-appellants.

HUME, Judge.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Randle Gillan Shumate. We reverse and remand.

Following plaintiff's arrest for driving under the influence of alcohol, the arresting officer requested plaintiff to submit to a blood or breath test. When plaintiff said that he would take "whichever" test, the arresting officer repeatedly asked him which test he wanted to take, the blood test or the breath test. Despite the arresting officer's advisement that the choice was up to plaintiff and a warning that the arresting officer would deem a failure to answer as a refusal, plaintiff did not indicate his choice as to which test he preferred. Thereafter, the officer prepared a notice of revocation based upon plaintiff's refusal to submit to testing, showed it to plaintiff, who was then in custody, and placed it with plaintiff's personal effects.

At the conclusion of the revocation hearing, the hearing officer found that plaintiff's failure to give the arresting officer an affirmative response to the requests to choose which test to take constituted a refusal to submit to testing, and plaintiff's driver's license was revoked. The hearing officer also rejected plaintiff's argument that the notice of revocation was not properly served on plaintiff by the arresting officer. On review, the district court reversed the revocation, ruling that plaintiff did not refuse to submit to testing and that the notice of revocation was not properly served.

I.

The Department first contends that the hearing officer's finding that plaintiff's words and conduct constituted a refusal is supported by competent evidence in the record. Plaintiff contends that he merely waived his right to choose between a blood or breath test, but did not refuse testing. We agree with the Department's position.

The express consent statute gives the driver the right to choose between taking either a blood test or a breath test to determine his blood alcohol content. *Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986); *see* § 42-4-1202(3)(a)(II), C.R.S. (1988 Cum.Supp.). We conclude that when an arresting officer offers a driver his statutorily required choice between blood or breath testing, the burden is on the driver to tell the officer which test he is willing to take. *See Gonzales v. Colorado Department of Revenue*, 728 P.2d 754 (Colo.App.1986) (when driver initially agreed to take a blood test from choice offered by the officer, but later refused that test, it was the obligation of the driver to tell the officer he was willing to take a breath test).

Here, since plaintiff did not tell the arresting officer which test he was willing to take, despite the arresting officer's requests and warnings, the hearing officer properly found that plaintiff's words and conduct constituted a refusal to submit to testing, and the district court erred in ruling otherwise. *See Dolan v. Rust*, 195 Colo. 173, 576 P.2d 560 (1978); *Dikeman v. Charnes*, 739 P.2d 870 (Colo.App.1987).

II.

The Department also contends that the district court erred in reversing the revocation based on its ruling that the notice of revocation was not properly served. We agree.

An administrative agency's action will not be reversed on review unless an asserted error is prejudicial and affects the substantial rights of the party. *Mattingly v. Charnes*, 700 P.2d 927 (Colo.App.1985). Here, regardless of whether the notice of

revocation was properly served on plaintiff by the arresting officer, he did appear and participate in the revocation hearing. Thus, plaintiff's right to notice and a hearing was not prejudiced by the allegedly defective service, and the district court therefore erred in reversing on this basis. *Kenney v. Charnes*, 717 P.2d 1020 (Colo. App.1986).

### III.

■ In his answer brief in this appeal, plaintiff also claims that the hearing officer was biased against him. As this claim is raised for the first time on appeal, we will not consider it. *See Hancock v. State*, 758 P.2d 1372 (Colo.1988); *McClellan v. State*, 731 P.2d 769 (Colo.App.1986).

Accordingly, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate the order of revocation.

SMITH and PLANK, JJ., concur.