Judy C. ALFORD, Plaintiff-Appellee,

v.

John TIPTON, as Executive Director of the Department of Revenue of the State of Colorado, Motor Vehicle Division, Defendant-Appellant.

No. 90CA1792.

Colorado Court of Appeals, Div. V.

Nov. 7, 1991.

No appearance for plaintiff-appellee.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert C. Ripple, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge PLANK.

The Department of Revenue (Department) appeals from the district court judgment reversing its revocation of the driver's license of plaintiff, Judy C. Alford, for refusing to submit to testing as required by the express consent law. We reverse.

The evidence at the revocation hearing established that, on October 20, 1989, plaintiff was the driver of a vehicle involved in a traffic accident. Plaintiff sustained a minor head injury in the accident and was transported to a hospital, where she was held for observation for the next one and one-half days.

At the hospital, about one hour after the accident, the investigating police officer received permission from the treating physician to interview plaintiff. The police officer then questioned plaintiff about the accident and asked her to take a blood alcohol test because he noticed various indications of intoxication. Plaintiff became verbally abusive to the police officer in response to his repeated requests to take a blood test, and she acknowledged that she was refusing to submit to testing.

The police officer subsequently forwarded a completed notice of revocation form and other documents concerning the incident to the Department. The notice of revocation form was signed and sworn to by the police officer before a notary, who also signed and dated the form, but the form was not dated by the investigating police officer.

At the revocation hearing, plaintiff's expert witness, the attending nurse at the hospital, testified that plaintiff's behavior was consistent with that exhibited by patients with closed head injuries and that plaintiff could not make any decisions concerning herself until about four hours after she arrived at the hospital. On cross-exam-

ination, however, the nurse also testified that persons who are intoxicated can exhibit exactly the same behavior as that described for persons with closed head injuries and that plaintiff's gradual return to calmness was consistent with either a reduction of closed head injury swelling or a reduction of alcohol in her system.

The hearing officer found that plaintiff had refused to submit to testing and, therefore, ordered the revocation of her driver's license pursuant to § 42–2–122.1, C.R.S. (1984 Repl.Vol. 17).

On review, the district court reversed the revocation on two grounds. First, the district court ruled that, by failing to date the notice of revocation form, the investigating police officer did not comply with the requirements of § 42–2–122.1(2)(a), C.R.S. (1991 Cum.Supp.), applicable here, and that this statutory violation deprived the Department of jurisdiction to order the revocation. The district court also ruled that the evidence was insufficient to sustain the revocation because the evidence weighed evenly, at best, as to whether plaintiff's refusal to submit to testing was caused by her medical condition from her injuries or was caused by her intoxication.

The Department contends that the district court erred in so ruling, and we agree.

## I.

■ As to the police officer's failure to date the notice of revocation form, we reject the Department's argument that § 42–2–122.1(2)(a) does not require dating by the affiant when the form is dated by a notary, but we conclude that this statutory violation is not a jurisdictional defect and does not warrant reversal of the revocation.

Pursuant to § 42–2–122.1(2)(a), C.R.S. (1991 Cum.Supp.), whenever a driver refuses to submit to testing as required by the express consent law, the police officer requesting such testing is required to forward an "affidavit" concerning the incident to the Department. *Cf.* Colo.Sess.Laws 1988, ch. 293, § 42–2–122.1(2)(b) at 1360 (police officer required to forward "verified report" containing "all relevant information").

As pertinent to the issues here, § 42–2–122.1(2)(a) now provides that the affidavit *"shall be dated, signed, and sworn to by the law enforcement officer* under penalty of perjury, but need not be notarized or sworn to before any other person."  (emphasis added).

Contrary to the Department's argument, the plain meaning of these provisions is that a police officer who signs and swears to an affidavit is required to date the affidavit as well, regardless of whether a notary also signs and dates the affidavit. Thus, since the investigating police officer failed to date the notice of revocation form, which served as the required affidavit here, the district court properly ruled that this omission was in violation of the statutory requirements.

■ Nevertheless, contrary to the district court's analysis, we conclude that this statutory violation did not deprive the Department of jurisdiction over the revocation proceedings. Rather, under the statutory scheme as a whole, we conclude that substantial compliance with the requirements of § 42–2–122.1(2)(a) in the submission of the relevant documents by a police officer to the Department is sufficient to invoke the jurisdiction of the Department in revocation proceedings. *See Franklin v. Colorado Department of Revenue,* 728 P.2d 391 (Colo.App.1986) (police officer's omissions in completing notice of revocation form did not invalidate revocation, as statutory requirements of former § 42–2–122.1(2) were substantially met).

Specifically, in our view the Department acquires jurisdiction in revocation proceedings under § 42–2–122.1 as long as the affidavit and other documents forwarded by the police officer contain sufficient information of a reliable character to permit the Department to make a revocation determination. *See* §§ 42–2–122.1(1.5)(b), (2)(a), (3)(a) & (3)(d), C.R.S. (1991 Cum.Supp.); *Franklin v. Colorado Department of Revenue, supra.*

We also note that the 1989 amendments to § 42–2–122.1(2) significantly relaxed the requirements of the former statute for in-

voking the Department's jurisdiction in revocation proceedings by deleting the requirements that the police officer's report be verified and that it must contain "all" relevant information. *Compare* § 42–2–122.1(2)(a), C.R.S. (1991 Cum.Supp.) *with* Colo.Sess.Laws 1988, ch. 293, §§ 42–2–122.-1(2)(a) & (2)(b) at 1360. The relaxation of these requirements in the 1989 amendments is inconsistent with the view that the General Assembly intended a police officer's noncompliance with the dating requirement now contained in the statute to be jurisdictional. *See also Kenney v. Charnes,* 717 P.2d 1020 (Colo.App.1986) (police officer's statutory violation in failing to serve notice of revocation personally on driver is not jurisdictional in revocation proceedings under § 42–2–122.1); *Mattingly v. Charnes,* 700 P.2d 927 (Colo.App.1985) (Department's statutory violation in failing to provide driver with full 20 days advance notice of hearing is not jurisdictional in revocation proceedings under § 42–2–122.-1).

Here, the police officer's failure to date the notice of revocation form did not affect the reliability of the information contained in the documents submitted to the Department, and the documents contained sufficient information to permit the Department to make a revocation determination. Thus, this statutory violation is not jurisdictional, and the district court erred in ruling otherwise.

■ Furthermore, a revocation will not be reversed on review based on a non-jurisdictional statutory violation unless the substantial rights of the licensee are prejudiced. *Mattingly v. Charnes, supra; see People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988) (non-jurisdictional statutory violation does not constitute reversible error unless violation is of "essential condition" of statute so as to undermine confidence in fairness of proceedings). Here, plaintiff was not prejudiced by the police officer's failure to date the notice of revocation form, and this omission was therefore harmless error.

## II.

■ We agree with the Department's argument that the revocation for plaintiff's refusal to submit to testing is supported by the evidence in the record.

Here, the evidence at the revocation hearing was conflicting as to whether plaintiff's refusal was caused by her head injuries or by her intoxication. In evaluating the nurse's testimony on this issue, the hearing officer found that there was "no reliable evidence" which indicated to him that plaintiff's refusal "was caused by a medical condition other than intoxication."

■ Since the hearing officer's finding as to plaintiff's unjustified refusal was based on the resolution of conflicting evidence, this finding is binding on appeal, and the district court therefore erred in substituting its judgment for that of the hearing officer on this disputed factual issue. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987).

■ The determination of whether a driver refused to submit to testing for purposes of the revocation statute is based solely on the objective standard of the driver's external manifestations of willingness or unwillingness to take a test. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *see Boom v. Charnes,* 739 P.2d 868 (Colo. App.1987), *rev'd on other grounds,* 766 P.2d 665 (Colo.1988). Plaintiff's external manifestations of refusal are therefore controlling here.

Accordingly, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate the order of revocation.

NEY, J., concurs.

JONES, J., dissents.

Judge JONES, dissenting.

I respectfully dissent from Part II of the majority opinion.

The majority reverses the trial court's judgment in large measure because the hearing officer found that there was "no reliable evidence" to indicate that plaintiff's refusal to submit to a blood test "was

caused by a medical condition other than intoxication."

In fact, the record reveals considerable evidence from an expert witness nurse who testified, without contradiction, that plaintiff's behavior was consistent with that exhibited by patients with closed head injuries and that plaintiff could not make any decisions concerning herself until about four hours after she had arrived at the hospital.

It has been held, and I agree, that, generally, any right to refuse to submit to chemical testing for purposes of the motor vehicle laws of this state must be found in statutory rather than constitutional law. *Stanger v. Colorado Department of Revenue*, 780 P.2d 64 (Colo.App.1989). *See Brewer v. Motor Vehicle Division*, 720 P.2d 564 (Colo.1986). However, that is not to say that there are no constitutional implications in the requesting and conducting of such searches.

The request to take the test provided in § 42–4–1202(3)(a)(II), C.R.S. (1991 Cum. Supp.) triggers a search and seizure under the Fourth Amendment and Colo. Const. art. II, § 7. Therefore, the request and all resultant activities must be conducted in an aura of reasonability. *See Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

The General Assembly, prior to July 1, 1989, recognized as much in requiring that tests administered must be done "with utmost respect for constitutional rights, dignity of person, and health of the person being tested." Section 42–4–1202(3)(b), C.R.S. (1984 Repl.Vol. 17). *Cf.* § 42–4–1202(3)(b) (1991 Cum.Supp.). Even in the present version of the statute the General Assembly continues to express concern for the "health" of the person being tested.

Upon consideration of the record here, I would determine that the trial court properly concluded that the evidence is not sufficient to support the hearing officer's findings.

I disagree with the trial court, however, that the evidence on whether plaintiff refused to take the test because of her closed head injury or because of intoxication "would weigh evenly." I conclude that the evidence preponderates in favor of plaintiff's theory that the injury caused her refusal.

Such evidence, in addition to the expert witness' testimony, includes testimony that plaintiff was in an accident, that her head and face struck the windshield, that she suffered internal injuries and injuries to her face and head, and that glass was in her hair. Additionally, uncontradicted testimony reveals that she could not recall the events after the accident, including her treatment by doctors and nurses or the conversation with the officer.

Finally, I also disagree with the trial court concerning the applicability of *Higgins v. State Department of Motor Vehicles*, 101 Nev. 531, 706 P.2d 506 (1985) to this case. This is, in part, because that opinion is based on a statute, Nev.Rev.Stat. § 484.383(3) (1983), which excepts from implied consent to take a test for intoxication those who are "otherwise in a condition [other than dead or unconscious] rendering [them] incapable of refusal." Colorado requires the test for all as to whom there is probable cause, even if deceased or unconscious. *See* § 42–4–1202(3)(c), C.R.S. (1991 Cum.Supp.).

However, the *Higgins* case is useful here because it recommends corroborating medical evidence in evaluating whether a person has withdrawn consent. *See Department of Transportation v. Michalec*, 52 Pa. Commw. 89, 415 A.2d 921 (1980).

Additionally, the *Higgins* court, under factual circumstances similar to those here, rejected the officer's subjective conclusions that the driver was capable of refusing to submit to the test and, instead, considered "the *objective* factors, namely, the circumstances of the accident, appellant's multiple serious injuries, sedated condition, and general incoherency, along with uncontradicted medical testimony," in concluding that the driver was incapable of refusing to submit to the required test. *Higgins v. State Department of Motor Vehicles, supra. See State v. Morgan*, 198 Mont. 391, 646 P.2d 1177 (1982); *State v. Campbell*, 189 Mont.

107, 615 P.2d 190 (1980); *Rossell v. City & County of Honolulu,* 59 Haw. 173, 579 P.2d 663 (1978).

I believe the hearing officer, here, in considering plaintiff's apparent refusal to take the required test, ought to have applied an objective test and rejected the officer's subjective conclusions. My view of the record is that, when the evidence is considered in light of objective factors and Fourth Amendment reasonability, the conclusion must be that plaintiff was not capable of refusing to take the test and should not be held accountable for the officer's perception that she, in fact, refused.

Accordingly, I would affirm the judgment of the trial court and remand this matter for reinstatement of plaintiff's driving privileges.