**Oral DUCKETT, Plaintiff–Appellant,**

v.

**John TIPTON, as Executive Director of the Department of Revenue of the State of Colorado, Motor Vehicle Division, Defendant–Appellee.**

No. 91CA0383.

Colorado Court of Appeals, Div. III.

Jan. 30, 1992.

Robert T. Bettenberg, Wheat Ridge, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge METZGER.

Plaintiff, Oral Duckett, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department) for driving with an excessive blood alcohol content. We affirm.

## I.

Plaintiff first contends that the Department lacked jurisdiction to order the revocation because the arresting officer did not comply with certain statutory requirements in submitting his documentation to the Department. We disagree.

Pursuant to § 42–2–122.1(2)(a), C.R.S. (1991 Cum.Supp.), as amended in 1989 and applicable here, a police officer having probable cause to believe that a person was driving with an excessive blood alcohol content is required to forward to the Department an "affidavit" concerning the incident. This affidavit should contain information relevant to a driver's license revocation determination by the Department. *Cf.* Colo.Sess.Laws 1988, ch. 293 at 1360 (prior to 1989 amendments, statute formerly required police officer to forward to the Department a "verified report" concerning the incident and containing "all information relevant" to Department's revocation determination).

As pertinent to the issues here, § 42–2–122.1(2)(a) now provides that the affidavit "shall be dated, signed, and sworn to by the law enforcement officer *under penalty of perjury,* but need not be notarized or sworn to before any other person." (emphasis added).

However, in *Alford v. Tipton,* 822 P.2d 513 (Colo.App.1991), we recently held that strict compliance with these statutory requirements is not jurisdictional. Rather, we ruled that substantial compliance with the requirements of § 42–2–122.1(2)(a) in the submission of the relevant documents by a police officer to the Department is sufficient to invoke the jurisdiction of the Department in revocation proceedings.

Specifically, the Department acquires jurisdiction in revocation proceedings conducted pursuant to § 42–2–122.1 so long as the affidavit and other documents forwarded by the police officer contain sufficient information of a reliable character to permit the Department to make a revocation determination. *Alford v. Tipton, supra; see Franklin v. Colorado Department of Revenue,* 728 P.2d 391 (Colo.App. 1986).

Here, the arresting officer forwarded a completed notice of revocation form (which served as the required affidavit) and other documents concerning the incident to the Department. It is undisputed that the arresting officer signed an affirmation on the form reciting that the facts stated in the documents were true to the best of his knowledge and belief, and that he did so before a notary, who also signed the form. However, it is also undisputed that the arresting officer did not swear to the affirmation under penalty of perjury.

We agree with plaintiff that the arresting officer's failure to swear to the affirmation under penalty of perjury was in violation of the statutory requirements, but we conclude that this statutory violation is

not jurisdictional and does not warrant reversal of the revocation.

Rather, in view of the arresting officer's affirmation on the form, we conclude that he submitted adequate information of a sufficiently reliable character to invoke the jurisdiction of the Department in this matter, notwithstanding the defect in the language of the affirmation. *See Alford v. Tipton, supra.* Furthermore, because plaintiff was not prejudiced by the defect in the language of the affirmation, we also conclude that this defect was harmless error in this case. *See Alford v. Tipton, supra.*

█ In addition, contrary to plaintiff's argument, even if the arresting officer's testimony showed that he had improperly verified the documents accompanying the notice of revocation form prior to their completion, any such impropriety was also harmless error here.

█ Because the 1989 amendments to § 42–2–122.1(2)(a) specifically deleted the requirement that the police officer's report be verified and the statute now specifically provides that the affidavit "need not be notarized or sworn to before any other person," any error in the verification procedure before the notary would not be jurisdictional here. *Compare* § 42–2–122.-1(2)(a), C.R.S. (1991 Cum.Supp.) *with* Colo. Sess.Laws 1988, ch. 293 at 1360; *see Alford v. Tipton, supra.* Moreover, as noted by the hearing officer, any error in the verification procedure before the notary was also not prejudicial to plaintiff because the arresting officer also swore to the validity of the documents before the hearing officer at the revocation hearing.

## II.

█ Plaintiff also contends that the hearing officer was biased against him and thereby denied him his due process rights to a fair and impartial hearing. Again, we disagree.

Here, in evaluating the sharply conflicting testimony of plaintiff and the arresting officer, the hearing officer stated that the plaintiff had a "disadvantage" because the arresting officer "came in all the time and had never been dishonest before." We agree with plaintiff that the statement was improper. Nevertheless, we decline to hold that this statement establishes, as a matter of law, that the hearing officer was biased or had prejudged the matter, as plaintiff contends.

Rather, we agree with the district court's analysis of the issue. As noted by the district court, after making this statement, the hearing officer then expressly considered the possibility that the arresting officer was lying on this occasion and articulated the reasons for his determination that the officer was not. Thus, when viewed in context, we find the statement at issue to be insufficient to overcome the presumption that the hearing officer impartially evaluated the credibility of the witnesses and impartially weighed their conflicting testimony. *See McClellan v. State,* 731 P.2d 769 (Colo.App.1986).

These were matters within the province of the fact finder; thus, the hearing officer's determination that the arresting officer's version of events was more credible than plaintiff's version of events is binding on review. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987); *Glasmann v. State,* 719 P.2d 1096 (Colo.App.1986).

Accordingly, because the hearing officer's finding that plaintiff drove with an excessive blood alcohol content is supported by substantial evidence in the record as a whole, the district court properly upheld the revocation.

Judgment affirmed.

JONES and RULAND, JJ., concur.