Kirk POE, Plaintiff–Appellant,

v.

DEPARTMENT OF REVENUE OF the STATE of Colorado, MOTOR VEHICLE DIVISION, Defendant–Appellee.

No. 92CA1477.

Colorado Court of Appeals, Div. I.

Aug. 19, 1993.

Douglas Pooley, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas D. Fears, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge PIERCE.

Plaintiff, Kirk Poe, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue for refusing to submit to testing as required by the express consent law. We affirm.

Evidence at the revocation hearing established the following facts. Plaintiff was the driver of a vehicle involved in a rollover accident which occurred at 6:30 p.m. on October 30, 1991. Plaintiff was thereafter taken to a hospital for treatment of the head and leg injuries he sustained in the accident.

The arresting officer first questioned plaintiff in the emergency room at the hospital. According to the officer, despite being "in obvious pain" from injuries, plaintiff answered questions and carried on "an intelligent conversation" with him until he told plaintiff that he was under arrest for driving under the influence of alcohol.

At that point, 8:28 p.m., the arresting officer requested plaintiff to submit to a blood test pursuant to the express consent law, but plaintiff remained silent. The arresting officer further testified that he then advised plaintiff that silence would be taken as a refusal of testing. Plaintiff again remained silent. The arresting officer thereupon deemed plaintiff's silence to be a refusal. The officer then finished his paperwork and released plaintiff on a summons.

Plaintiff testified that the first thing he remembered after the accident was waking up in the hospital on the following day. He further testified that he had no recollection of any contact or conversations with the arresting officer while at the hospital.

Following a hearing, the hearing officer ordered revocation of plaintiff's driver's license, rejecting plaintiff's arguments, and finding that his silence under the circumstances here constituted a refusal to submit to testing as required by the express consent law and that the request that plaintiff submit to testing was timely made within a reasonable time after the accident. On review, the district court affirmed the revocation.

## I.

Plaintiff first contends that his silence did not constitute a refusal to submit to testing within the meaning of the express consent statute because he was unconscious or otherwise incapable of refusing testing due to his injuries. He further asserts that, under the statutory scheme, the arresting officer was required to compel the performance of an involuntary blood test upon plaintiff under the circumstances in this case. We find no merit in plaintiff's contentions.

## A.

Under the express consent statute, a driver suspected of being drunk is required to submit to testing, is expressly required to cooperate in the testing procedure. A driver's failure to cooperate in the testing procedure is expressly deemed to be a refusal to submit to testing. Sections 42–4–1202(3)(a)(II) and 42–4–1202(3)(a)(IV), C.R.S. (1992 Cum.Supp.); see §§ 42–2–122.-1(1.5)(a)(II) and 42–2–122.1(8)(c)(I), C.R.S. (1992 Cum.Supp.).

Moreover, contrary to plaintiff's argument, there is no requirement under the express consent law that a driver be "capable of rationally deciding" whether to submit to testing. *Boom v. Charnes*, 739 P.2d 868 (Colo.App.1987), *rev'd on other grounds*, 766 P.2d 665 (Colo.1988). Rather, the determination by the trier of fact of

whether a driver refused testing for purposes of the revocation statute is based solely on the objective standard of the driver's words and other external manifestations of willingness or unwillingness to take a test, not on a subjective standard, such as the driver's state of mind or his later recollection of events. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *Alford v. Tipton,* 822 P.2d 513 (Colo.App. 1991).

■ Here, the factual question concerning the refusal is whether plaintiff's silence when the arresting officer requested submission to a blood test was a manifestation of noncooperation and unwillingness to take the test under all of the external circumstances, or whether, instead, all the external circumstances present should have indicated to the arresting officer that plaintiff was silent because he was then unconscious or otherwise physically incapable of responding or cooperating because of his injuries.

Although conflicting inferences could be drawn from the evidence as to this factual issue, the hearing officer found that it was reasonable for the arresting officer to take plaintiff's silence to be a refusal of testing under the objective circumstances here. The hearing officer noted that plaintiff had not been unable to speak and had answered other questions but failed to speak only in response to the request to take a test.

Since the hearing officer's finding as to plaintiff's unjustified refusal was based on the application of the proper objective legal standards and the resolution of conflicting inferences from the evidence, this finding is binding on appeal. *See Charnes v. Lobato,* 743 P.2d 27 (Colo.1987); *see also Alford v. Tipton, supra* (upholding revocation for refusing testing based on driver's external conduct notwithstanding head injury from automobile accident).

### B.

■ We also reject plaintiff's argument that, under the circumstances here, the arresting officer was required by the express consent statute to compel the performance of an involuntary blood test upon him at the hospital.

The express consent statute authorizes police officers to compel the performance of involuntary blood tests of drivers in certain limited circumstances, *i.e.,* when the driver is "dead or unconscious," or when the officer has probable cause to believe that the driver "has committed a violation of section 18–3–105, 18–3–106(1)(b), 18–3–204, or 18–3–205(1)(b), C.R.S. [1986 Repl. Vol. 8B]." Sections 42–4–1202(3)(c) and 42–4–1202(3)(a)(IV), C.R.S. (1992 Cum.Supp.).

However, contrary to plaintiff's argument, there is nothing in the express consent statute that authorizes the compulsion of involuntary blood testing of drivers in *any other* circumstances. This includes such circumstances as when, absent any of the foregoing conditions, a driver is hospitalized, is undergoing medical treatment, or is unable to complete a breath test. *See* § 42–4–1202(3)(a)(II), C.R.S. (1992 Cum. Supp.) (eliminating only driver's option of electing breath test, *not* mandating compulsion of involuntary blood test, when driver is unable to complete breath test because of injuries or other physical incapacity or when driver is receiving medical treatment at location where breath testing instrument not available); *cf. Dolan v. Rust, supra* (construing provision of former implied consent statute which, *unlike* current express consent statute, *also* authorized compulsion of involuntary blood testing when driver was "otherwise in a condition rendering him incapable of refusal").

Rather, apart from the limited circumstances previously set forth, the express consent statute provides that: "No law enforcement officer shall physically restrain any person for the purpose of obtaining a specimen of his blood, breath, saliva, or urine for testing." Section 42–4–1202(3)(a)(IV), C.R.S. (1992 Cum.Supp.). *See also Charnes v. Boom, supra,* 766 P.2d at 668 (noting that "the General Assembly has granted drivers the right to refuse to submit to a test and thereby avoid the physical compulsion incident to involuntary testing procedures").

Here, there is substantial supporting evidence for the hearing officer's rejection of plaintiff's claim that he was unconscious at the time he was requested to submit to testing at the hospital. Consequently, there is no factual basis under the express consent statute for plaintiff's contention that the arresting officer was required to compel the performance of an involuntary blood test upon him under the circumstances in this case.

## II.

Plaintiff also contends that the license revocation cannot be sustained on review because the arresting officer's request for submission to testing was not timely made. This contention is without merit.

 Although, as to the revocation actions premised on a driver's refusal of testing, there is no precise temporal limitation on when a request to submit to testing must have been made, the testing request must have been made within a "reasonable time" after driving to support a revocation for refusing testing. *Charnes v. Boom, supra; see* §§ 42–2–122.1(1.5)(a)(II) and 42–2–122.1(8)(c)(I), C.R.S. (1992 Cum.Supp.); § 42–4–1202(2), C.R.S. (1992 Cum.Supp.).

 Here, the evidence at the revocation hearing established that the arresting officer requested plaintiff to submit to testing one hour and fifty-eight minutes after the accident. Under these circumstances, we find no error in the hearing officer's ruling that the testing request was made within a "reasonable time" after the accident.

We cannot say, as a matter of law, that the time period here was too lengthy to have generated test results that could have been admissible in other administrative or criminal actions against plaintiff if he had then consented to testing. *See Charnes v. Boom, supra; see also* §§ 42–2–122.1(1.5)(a)(I) and 42–2–122.1(8)(c)(I), C.R.S. (1992 Cum.Supp.) (2 hour time limit for testing in revocation actions based on excessive blood alcohol levels); *People v. Emery,* 812 P.2d 665 (Colo.App.1990) (blood tests taken 3 and 3½ hours after automobile accident admissible in criminal prosecu-

tion as occurring within "reasonable time" of driving); *cf. Halter v. Department of Revenue,* 857 P.2d 535 (Colo.App.1993) (upholding revocation for refusing testing when final actions of driver deemed to be "refusal" occurred nearly 4 hours after driving).

## III.

 We also note that judicial review of an administrative agency action is limited to the record before the agency. *Hancock v. State,* 758 P.2d 1372 (Colo.1988). Thus, in our review, we have not considered any "facts" asserted by plaintiff that were not presented at the revocation hearing. And, likewise, we will not now consider any issues raised by plaintiff for the first time on review.

Accordingly, because the revocation is supported by substantial evidence in the administrative record as a whole, it was properly upheld by the district court.

Judgment affirmed.

NEY and MARQUEZ, JJ., concur.