Stan Nord CONNOLLY,
Plaintiff-Appellee,

v.

COLORADO DEPARTMENT OF REVE-
NUE, MOTOR VEHICLE DIVISION,
Defendant-Appellant.

No. 86CA0367.

Colorado Court of Appeals,
Div. I.

May 21, 1987.

Martin, Knapple, Humphrey & Tharp, Jeffrey L. Skovron, Boulder, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dan B. Zimmerman, Asst. Atty. Gen., Denver, for defendant-appellant.

VAN CISE, Judge.

The Department of Revenue (Department) appeals from a judgment of the district court reversing its revocation of Stan Nord Connolly's driver's license. We affirm.

Connolly was arrested for driving a vehicle while under the influence of intoxicating liquor. After initially refusing to submit to any chemical test of his blood alcohol content, Connolly chose to take a blood test. However, while at the hospital, he refused to sign a release form necessary to have the blood test administered. He testified that his refusal was because he felt that signing the form would release everyone from all liability, he did not know who would be administering the test, and he was worried about blood-related diseases associated with blood transfusions.

Because he refused twice to sign the form, the arresting officer considered his actions to be a refusal to submit to chemical testing. After talking to his attorney about two hours later, Connolly requested a breath test, but one was not administered.

Following hearing, Connolly's driver's license was revoked for a period of one year pursuant to § 42-2-122.1, C.R.S. (1984 Repl.Vol. 17). This was based solely on the fact that Connolly had refused to sign the release form. On review, the district court reversed the revocation order, holding the

hospital release form did not meet the requirements of § 42–4–1202(3)(b), C.R.S. (1984 Repl.Vol. 17).

The Department contends the release form was legally sufficient, and refusal to sign the form constituted a refusal to submit to chemical testing. We do not agree.

Section 42–4–1202(3)(a)(IV), C.R.S. (1984 Repl.Vol. 17) provides that, if a person refuses to sign any release forms requested by a person authorized to perform the tests, "such refusal shall be considered refusal to take the tests, *provided said forms conform to paragraph (b) of this section.*" (emphasis added) The referenced paragraph (b) provides, as relevant here, that no person shall be entitled to withdraw blood to test its alcoholic content except a physician, a registered nurse, a paramedic, an emergency medical technician, or a person whose normal duties include withdrawing blood samples under the supervision of a physician or registered nurse.

The hospital consent form stated: "I hereby authorize the *designee(s)* of the Department of Pathology, Longmont United Hospital, to take a sample of my blood for the purpose of testing it chemically to determine its alcohol content." (emphasis added) The district court concluded that the word "designee" in the release form is too general to satisfy the statute. We agree.

The word "designee" includes all of the persons listed in the statute as being qualified to withdraw a blood sample. However, it also would include anyone else specified by the hospital whether such person meets the qualifications of the statute or not. Therefore, the form does not conform to the statute. Since Connolly had agreed to take the test until confronted with the form, the finding of a refusal to take the test based solely on his not signing the form was properly overturned by the district court.

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.