Brian Timothy STAHL,
Plaintiff–Appellee,

v.

DEPARTMENT OF REVENUE, MOTOR
VEHICLE DIVISION, STATE OF COL-
ORADO, Unknown Hearing Officer, De-
fendants–Appellants.

No. 95CA1229.

Colorado Court of Appeals,

Div. II.

June 13, 1996.

Law Offices of Lawrence A. Wright, Jr.,
Lawrence A. Wright, Jr., Myka M. Landry,
Joel C. Johnson, Kiowa, for Plaintiff–Appel-
lee.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney Gen-
eral, Timothy M. Tymkovich, Solicitor Gener-
al, Mark W. Gerganoff, Assistant Attorney
General, Denver, for Defendants–Appellants.

Opinion by Judge MARQUEZ.

The Department of Revenue (Department)
appeals from the district court judgment re-
versing its revocation of the driver's license
of plaintiff, Brian Timothy Stahl, for refusing
to submit to testing as required by the ex-
press consent statute. We reverse and re-
mand with directions to reinstate the order
of revocation.

Following his arrest for driving under the
influence of alcohol on September 20, 1994,
plaintiff chose to take a blood test when
advised of his testing options under the ex-
press consent statute. Plaintiff was then
transported to a hospital for that purpose,
where he was given a consent or release
form by one of the arresting officers, and
was told to sign it.

However, plaintiff failed to sign the form,
and the blood test was not administered.
According to the arresting officers, although
given ample time and opportunity to sign the
form, plaintiff indicated his refusal to do so
by his uncooperative conduct at that point,
which the arresting officers, following warn-
ings to plaintiff, then deemed to be a refusal
to submit to testing.

Following an evidentiary hearing, the
hearing officer revoked plaintiff's driver's li-
cense upon ruling that he had refused to
submit to testing as required by the express
consent statute. On review, the district
court reversed the revocation.

The Department contends that the district
court erred in ruling that plaintiff did not
refuse to sign a form that was required by
the hospital, and that plaintiff therefore re-
fused to submit to testing within the meaning
of the express consent statute. We agree
with the Department.

Under the current provisions of the ex-
press consent statute, as applicable here, any
suspected drunk driver who is required to
submit to alcohol testing is expressly re-
quired to cooperate in the taking and com-

pleting of the test elected, "including the signing of *any release or consent forms required by any* person, *hospital,* clinic, or association *authorized to obtain such specimens.*" (emphasis added) The statute further expressly provides that a driver's failure to cooperate in the testing procedure, including the signing of any release or consent forms, shall be deemed to be a refusal to submit to testing. Section 42–4–1202(3)(a)(IV), C.R.S. (1993 Repl.Vol. 17) (now recodified as § 42–4–1301(7)(a)(IV), C.R.S. (1995 Cum.Supp.)); *see also*§ 42–4–1202(3)(a)(II), C.R.S. (1993 Repl.Vol. 17) (now recodified as § 42–4–1301(7)(a)(II), C.R.S. (1995 Cum.Supp.)).

Here, crediting the testimony of the arresting officers on the refusal issues, the hearing officer found that plaintiff's uncooperative behavior in not signing the form constituted a refusal to submit to the blood test. In so ruling, the hearing officer also rejected plaintiff's arguments that his failure to sign the form did not constitute a refusal to submit to testing within the meaning of the express consent statute because it was not shown that it was a form he was required to sign under those statutory provisions.

As to the refusal issues, the court first rejected plaintiff's argument, which was based on *Connolly v. Colorado Department of Revenue,* 739 P.2d 927 (Colo.App.1987) (reversal based on former version of statute), concerning the contents of the release form, ruling that the currently applicable version of the express consent statute no longer contains any requirements concerning the contents of such forms.

However, the court then noted that the express consent statute still contains provisions requiring that the signing of any release or consent forms must be required by a person or entity authorized to withdraw blood, and the court therefore ruled that only a refusal to sign such a form may be deemed to be a refusal to submit to testing. Finally, the court held that such a refusal had not occurred in this case, because, in its view, the form at issue here "was authored" by the police department and was not a form required by the person authorized to withdraw blood.

Consequently, the dispositive issue in this case is whether the release form that plaintiff refused to sign for the blood test to proceed was a form required by the hospital, rather than by the arresting officers alone. As to this factual issue, however, the evidence and the inferences therefrom were conflicting, and the district court improperly substituted its judgment for that of the hearing officer.

In ruling that plaintiff had refused to submit to testing here, the hearing officer specifically stated that plaintiff was told by the arresting officers that the form "was a form required to be signed by the hospital in drawing of blood." In particular, we note in this regard that one of the arresting officers specifically testified that he explained what the form was to plaintiff and that "the medical center required a signature on the release form" for the blood draw to be done.

Under these circumstances, we find no error in the hearing officer's ruling. Rather, because the hearing officer's finding as to plaintiff's unjustified refusal of testing was based on the application of the proper legal standards and the resolution of conflicting evidence and inferences therefrom, this finding is binding on judicial review. *See Poe v. Department of Revenue,* 859 P.2d 906 (Colo. App.1993) (similarly upholding challenged refusal finding on conflicting evidence and inferences under applicable standard of review); *Halter v. Department of Revenue,* 857 P.2d 535 (Colo.App.1993) (same).

Thus, as the revocation is supported by substantial evidence in the record as a whole, the district court erred in reversing it. *See* § 42–2–122.1(9)(b), C.R.S. (1993 Repl.Vol. 17) (now recodified as § 42–2–126(10)(b), C.R.S. (1995 Cum.Supp.)).

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

Accordingly, the judgment is reversed, and the cause is remanded to the district court with directions to reinstate the order of revocation.

PLANK and NEY, JJ., concur.